# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Wilbur Moses, Jr., #244241, | ) | Civil Action No.  9:14-2213-DCN-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| Jay McLauren, Patricia Parr and | ) | |
| Scott Floyd, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action was originally filed by the pro se Plaintiff in the South Carolina Court of Common Pleas, Florence County, and was subsequently removed to this Court by the Defendants on the grounds that Plaintiff is seeking relief for violations of his federal constitutional rights.  Plaintiff subsequently amended his Complaint to clarify that he is seeking relief for violations of his civil rights under 42 U.S.C. § 1983.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 29, 2014.  As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on September 30, 2014, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response.  Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.  Plaintiff thereafter filed a response in opposition to the Defendants' motion, as well as his own

1



motion for summary judgment, on October 16, 2014. Plaintiff supplemented his response on October 20, 2014.

The Defendants filed a reply memorandum, as well as a response in opposition to the Plaintiff's motion for summary judgment, on October 27, 2014. Defendants supplemented their reply memorandum on October 28, 2014. Plaintiff thereafter filed another response in opposition to the Defendants' motion for summary judgment on December 15, 2014, to which the Defendants filed a reply memorandum on December 22, 2014.

The parties' motions are now before the Court for disposition.[1]

### Allegations of the Complaint

Plaintiff alleges in his verified Complaint[2] that he is an inmate currently incarcerated at the Evans Correctional Institution, part of the South Carolina Department of Corrections. The Defendant McLauren is alleged to be a Deputy Sheriff with the Florence County Sheriff's Department; the Defendant Parr is alleged to be a prosecutor with the Florence County Solicitor's Office; and the Defendant Floyd is alleged to be a Public Defender with the Florence County Public Defender's Officer. Although Plaintiff originally alleged that he was suing these three Defendants "under the South Carolina Tort Claims Act", he amended his Complaint to reflect that he is pursuing claims against these Defendants, in both their individual and official capacities, for violations of his

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The parties have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).



constitutional rights. <u>See</u> <u>Complaint</u>, ¶¶ 2-5; <u>see also</u> Court Docket No. 13 [Amended Complaint]. Specifically, Plaintiff alleges various violations of his constitutional rights with respect to the arrest and prosecution which has landed him in the South Carolina Department of Corrections.

Plaintiff alleges that he was stopped for a traffic violation on December 14, 2008, apparently by the Defendant McLauren. Plaintiff alleges that McLauren arrested him, that he was handcuffed and placed in McLauren's vehicle without being read his Miranda rights, and that McLauren then conducted an illegal search of his car. Plaintiff alleges that the "Solicitor stated" [3] that McLauren found two metal vials that contained crack cocaine in his vehicle, that a bag of marijuana was also found in Plaintiff's car, and that she "concluded her testimony by stating that in terms of Plaintiff's prior record, he has a prior conviction for cocaine base and simple possession of marijuana back in 1999." Plaintiff alleges that his counsel, the Defendant Floyd, failed to investigate the 1999 drug charge, which apparently resulted in an enhancement of his sentence. Plaintiff also alleges that both Parr and Floyd failed to take into account his "extensive history of mental illness", that Floyd was ineffective, that Parr engaged in a "vindictive prosecution", and that he was prosecuted even though the search of his car had been in violation of his constitutional rights because probable cause was lacking.

Plaintiff further alleges that the Solicitor lacked the necessary elements to support the charges for the crimes with which he was charged, and that had a warrant been sought before a magistrate judge, it would have been rejected for lack of probable cause. Plaintiff alleges that "the only evidence [the State had against him] is that of the tainted evidence of this arrest that has

---

[3] These allegations are apparently based on the Defendant Parr's comments at Plaintiff's trial.



[culminated] in multiple violations [of his constitutional rights]." Plaintiff also alleges that Floyd violated his constitutional rights by not objecting to this evidence and to the indictment, which "should have never been true billed". Plaintiff further objects to the testimony of another police officer, Kennard Williams, who testified at his trial, asserting that Williams had no personal knowledge of what occurred during the traffic stop.

Plaintiff alleges that his constitutional rights were violated by McLauren, that Floyd was "constitutionally ineffective" in his handling of Plaintiff's case, and that Parr engaged in "improper conduct" by not bringing an indictment for five months and for seeking a sentence enhancement that was not justified. Plaintiff further contends that he was improperly found to be competent to stand trial, that the court failed to conduct a complete competency hearing, thereby violating his due process rights, that Floyd "lied to the Plaintiff from the beginning of this case", and that Parr and Floyd "induced [his] guilty plea by threatening the Plaintiff and by mental coercion overbearing the Plaintiff's will."

Plaintiff seek a "declaration" by this Court that his constitutional rights were violated by the Defendants, as well as monetary damages. See generally, Plaintiff's Verified Complaint, as amended.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991).

4



Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the allegations of Plaintiff's Complaint and the arguments presented by the parties in their briefs, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case.

## I.

Defendants initially assert that this case should be dismissed for having been filed outside of the applicable three (3) year statute of limitations. Defendants note that this lawsuit was not filed until March 25, 2014, which was more than three years after Plaintiff's guilty plea on October 12, 2010.[4] See Wallace v. Kato, 549 U.S. 384, 387 (2007)[Statute of limitations for § 1983

---

[4]Defendants state in their motion that the date of Plaintiff's guilty plea was July 28, 2010. However, that apparently was the date of Plaintiff's mental examination, as Plaintiff alleges he did not plead guilty until October 12, 2010. See Complaint, ¶ 67. Although October 12, 2010 would still be more than three (3) years before March 25, 2014, when Plaintiff's Complaint was filed, it should be noted that Plaintiff's Complaint is dated September 24, 2013. There is no indication in the file of when Plaintiff may have delivered his Complaint to the prison mail room, but if he did so any time prior to October 12, 2013, it is conceivable that this action could be deemed to have been timely filed pursuant to Houston v. Lack, 487 U.S. 266, 270-76 (1988)[prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court], assuming the Court were to otherwise find that the statute of limitations for Plaintiff's claims began to run on the date
(continued...)



action is the same as state statute of limitations for personal injury claim]; Kelly v White, No. 10-982, 2011 WL 939015, at * 1-2 (D.S.C. Mar. 16, 2011) [State statute of limitations for personal injury claims applies to § 1983 actions]; S.C. Code Ann. § 15-3-530(5)[general statute of limitations for personal injury claim in South Carolina is three years].  Defendants also argue that this case is subject to dismissal on the grounds of Eleventh Amendment immunity, prosecutorial immunity, that the Defendant Floyd is not a state actor for purposes of a constitutional claim, qualified immunity, and because this action is barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Because the undersigned agrees with the Defendants that this action is barred by Heck, Defendants' other grounds for summary judgment, as well as Plaintiff's assertions for summary judgment, have not been separately addressed.

## II.

In Heck, the Supreme Court held that before a Plaintiff can recover damages for an allegedly unconstitutional conviction, or any damages bearing a relationship to a conviction, the Plaintiff must first show that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal courts's issuance of a writ of habeas corpus.  Otherwise, any complaint which necessarily implies the invalidity of such a conviction or sentence, if successful, must be dismissed.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into

---

[4](...continued)
of his guilty plea.  However, as this case is subject to dismissal on other grounds, the Court need not reach this issue.



question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. * * *

Heck, 512 U.S. at 487.

Such is the case here. Plaintiff may, or could have, challenge[d] all of the conduct and actions complained about in his Complaint during his criminal proceedings in state court, including any appeals as required. However, it is clear from the filings in this case that Plaintiff's underlying conviction has not been reversed or otherwise called into question by the South Carolina state courts or by a federal writ of habeas corpus, and for this Court to consider the claims Plaintiff is now raising in this § 1983 action would certainly call into question his conviction. Cf. Roesch v. Otarola, 980 F.2d 850, 853-854 (2d Cir. 1992) [holding that requirement that § 1983 plaintiff receive favorable termination applies equally to claims of false arrest, false imprisonment and malicious prosecution]; Berman v. Turecki, 885 F.Supp. 528, 532-533, & n. 9 (S.D.N.Y. 1995) [holding that where criminal charges are inextricably intertwined with Plaintiff's claims because both resulted from an allegedly unconstitutional search, in order to succeed on his claim plaintiff must prove that the search was unconstitutional, and by extension, that any item seized pursuant to the search should have been suppressed. Effectively, this would constitute a collateral attack on Plaintiff's conviction through the vehicle of a civil suit, which is exactly the outcome Heck sought to prevent]. If Plaintiff wishes to overturn this conviction, he may seek habeas relief, but he cannot obtain such relief through a § 1983 action. Reagans v. Vance, 273 F.3d 1099 (5th Cir. 2001); see also Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) ["There is no question that Heck bars [Plaintiff's] claims that defendants lacked



probable cause to arrest him and brought unfounded criminal charges against him. [Plaintiff] may

challenge the validity of his arrest, prosecution and conviction only by writ of habeas corpus."].

Therefore, as Plaintiff's conviction has not been reversed, expunged, declared invalid, or called into

question by a federal court's issuance of a writ of habeas corpus, Plaintiff's claims with respect to

his conviction are barred by <u>Heck</u> and should be dismissed, without prejudice.[5]

### III.

Finally, although the Defendants have also addressed Plaintiff's claims under the State

Tort Claims Act, it appears to the undersigned that, through the amendment of his Complaint,

Plaintiff has dropped any state law claims he was originally asserting in favor of the federal claims

addressed herein.  In any event, if the Court adopts the recommendation set forth herein with regard

to Plaintiff's federal claims, any pendant state law tort claims he may still be attempting to assert will

be the only claims remaining in this lawsuit, and when federal claims presented in a case originally

filed in state court are dismissed, any remaining state law claims should be remanded back to state

court for resolution under the general doctrine developed in <u>United Mine Workers v. Gibbs</u>, 383 U.S.

715 (1966). <u>See</u> <u>In Re</u> <u>Conklin</u>, 946 F.2d 306, 324 (4th Cir. 1991); <u>Nicol v. Imagematrix, Inc.</u>, 767

F.Supp. 744, 746, 749 (E.D.Va. 1991); <u>Mills v. Leath</u>, 709 F.Supp. 671, 675-676 (D.S.C. 1988);

<u>Carnegie-Melon v. Cohill</u>, 484 U.S. 343 (1988); <u>Taylor v. Waters</u>, 81 F.3d 429, 437 (4th Cir. 1996).

This doctrine recognizes the state court's role in determining whether dismissal of state law claims

is warranted, and, if such a dismissal were to be denied, that it would be much more appropriate for

---

[5]Plaintiff  may bring an action under § 1983 for damages at a later date if his conviction is reversed, expunged, declared invalid, or otherwise set aside by a state process. <u>Abrahm v. Jay</u>, No. 94-601, 1994 WL 387873 (N.D.Cal., July 12, 1994) [A dismissal under <u>Heck v. Humphrey</u> "is without prejudice to plaintiff re-raising his claim for damages once a cause of action has accrued."]; <u>Fottler v. United States</u>, 73 F.3d 1064, 1065 (10th Cir. 1996).



any such state law claims to be considered and tried by the state courts.

Therefore, if the Court adopts the recommendation herein for dismissal of Plaintiff's federal claims, any remaining state law causes of action should be remanded back to state court for disposition. <u>Gibbs</u>, <u>supra</u>.

## Conclusion

Based on the foregoing, it is recommended that Plaintiff's motion for summary judgment be **denied**, that the Defendants' motion for summary judgment be **granted**, in part, and that Plaintiff's federal constitutional claims asserted under 42 U.S.C. § 1983 be **dismissed**, without prejudice, pursuant to <u>Heck v. Humphrey</u>. This case should then be remanded back to state court for disposition of any remaining state law causes of action.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 29, 2015
Charleston, South Carolina

9



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

10
